Case 6:21-cv-00024   Document 21   Filed on 12/17/21 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
December 17, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| **INTERBANK et al.,** | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 6:21-CV-00024 |
| | § | |
| **PELLETIER MANAGEMENT** | § | |
| **AND CONSULTING, LLC et al.,** | § | |
| | § | |
| Defendants. | § | |

## ORDER

Pending before the Court is the Opposed Motion for Leave to File First Amended Complaint filed by Plaintiffs InterBank and Real Estate Holdings, LLC, for the benefit of Series B.  (Dkt. No. 18).  The Plaintiffs seek to amend their complaint for the first time to add claims arising out of events that occurred after they filed this lawsuit.  (*Id.*).  In the certificate of conference, the Plaintiffs represent that the Defendants are opposed.  (*Id.* at 4).  The Defendants, however, have failed to respond.  Thus, the Defendants' failure to respond "will be taken as a representation of no opposition."  Southern District of Texas Local Rule 7.4.

Under Rule 15(a), leave to amend should be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This rule "evinces a bias in favor of granting leave to amend."  *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002)).  The Rule 15(a) inquiry involves five factors: "1) undue delay, 2) bad faith or dilatory motive, 3)

repeated failure to cure deficiencies by previous amendments, 4) undue prejudice to the opposing party, and 5) futility of the amendment." *SGK Properties, L.L.C. v. U.S. Bank Nat'l Ass'n*, 881 F.3d 933, 944 (5th Cir. 2018) (quoting *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004)). "Absent any of these factors, the leave sought should be 'freely given.'" *Smith*, 393 F.3d at 595 (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962)).

After examining the factors, the Court concludes that leave to amend should be granted. The Defendants did not file an opposition to the Motion. But even setting this aside, leave to amend is appropriate. The Plaintiffs filed their Complaint on May 15, 2021. (Dkt. No. 1). The current Motion for Leave to Amend was filed on November 19, 2021, (Dkt. No. 18), which is before the deadline to file a motion for leave under the Court's scheduling order. (Dkt. No. 11 at 1). There is no indication of undue delay or bad faith, as the Plaintiffs solely seek to add a claim arising out of recent events. This is also the Plaintiffs' first request to amend. Finally, there is no indication that the Defendants will experience undue prejudice in light of their failure to respond and the fact that this case is in the early stage of litigation.

The Court **GRANTS** the Plaintiffs' Motion for Leave to File First Amended Complaint. (Dkt. No. 18). The First Amended Complaint, (Dkt. No. 18-1), is the live pleading in this case.

The Court further **GRANTS** the Defendants leave to amend their Answer and Counterclaim in light of the Plaintiffs' First Amended Complaint. The Defendants may

file their amended answer, counterclaim, or other responsive pleading no later than twenty-one days from the date of this Order.

The Court **DENIES AS MOOT** the Plaintiffs' Motions to Dismiss the Counterclaims. (Dkt. No. 9); (Dkt. No. 10). The Plaintiffs may file new motions to dismiss once the Defendants have filed an amended answer and counterclaim.

It is SO ORDERED.

Signed on December 17, 2021.

*[signature: Drew B. Tipton]*

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**